**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

PETE CHRISTOPHER BROWN                                                    PLAINTIFF

v.                                        1:13CV00062-JLH-JTK

STEVE JEFFERY, et al.                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon

Holmes.  Any party may serve and file written objections to this recommendation.  Objections should

be specific and should include the factual or legal basis for the objection.  If the objection is to a

factual finding, specifically identify that finding and the evidence that supports your objection.  An

original and one copy of your objections must be received in the office of the United States District

Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The

copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver

of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a

hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.      The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or

other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional

evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

## I.      Introduction

Plaintiff Pete Brown is an inmate confined at the Independence County Detention Facility

(Jail).  He filed this pro se 42 U.S.C. § 1983 action, alleging discrimination and unconstitutional

conditions of confinement (Doc. No. 2, p. 4.)  By Order dated August 13, 2013 (Doc. No. 5), this

Court granted Plaintiff's Motion to Proceed in forma pauperis in this lawsuit.  However, finding

Plaintiff's complaint too vague and conclusory to state a claim, the Court provided Plaintiff with the

opportunity to file an Amended Complaint to clarify his allegations.  (Id.)  Plaintiff has not filed an

Amended Complaint.

## II.      Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner

complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are

legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.  See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."  Id.

**III.     Facts and Analysis**

Plaintiff alleges he was placed in administrative segregation at the Jail without cause and a hearing, and that the shackles and handcuffs he is required to wear cause him to suffer mental and physical abuse. (Doc. No. 2, p. 4.)  He also alleges racial discrimination "thruout (sic) my confinement from work details." (Id.)  He does not mention any of the named Defendants in his statement of claim.

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993).   Furthermore, in order to support a claim for unconstitutional conditions of confinement, Plaintiff must allege that Defendants failed to provide him the "minimal civilized measure of life's necessities," and that they acted with deliberate indifference to Plaintiff's health and safety. Wilson v. Seiter, 501 U.S. 294, 298 (1991). See also Butler v. Fletcher, 465 F.3d 340, 345 (8th Cir. 2006).   Plaintiff's bare allegation that he was required to wear cuffs and shackles, without more, does not state a constitutional claim for relief.  In addition, he does not claim that he was discriminated against because of his race, or that he was treated different from similarly situated persons, so as to support an equal protection cause of action. See Klinger v. Dep't of Corrections, 31 F.3d 727, 731 (8th Cir.1994)   Therefore, absent any allegations against the named Defendants in his statement of claim, absent facts to support a finding of deliberate indifference, and absent more specific allegations concerning how he was discriminated, as set forth in the Court's August 13, 2013, Order (Doc. No. 5), the Court finds that his Complaint should be dismissed for failure to state a claim upon which relief may be granted.

**IV.     Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's Complaint against Defendants be DISMISSED, for failure to state a claim upon which relief may be granted.

2.      Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3.      The Court certify that an <u>in forma pauperis</u> appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 1st day of October, 2013.

_____

JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1]The statute provides that a prisoner may not file an <u>in forma pauperis</u> civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.